## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**LABLANCA SIBLEY,**

        **Plaintiff,**

**v.**

        **Case No.    8:24-cv-2853**

**CITY OF LAKELAND, NICHOLAS S. RIGGALL, JOHN DOES #1-10, POLK COUNTY SHERIFF'S OFFICE, and JOHN DOES #11-20,**

        **Defendants.**

## COMPLAINT

Plaintiff LaBlanca Sibley ("Plaintiff"), by and through undersigned counsel, submits her Complaint against Defendants City of Lakeland, a public subdivision of the State of Florida, Nicholas S. Riggall, John Does #1-10, Polk County Sheriff's Office, and John Does #11-20 (collectively, "Defendants"), and alleges as follows:

### I.    INTRODUCTION

1.    This action arises out of Defendants' cruel, senseless, and baseless arrest and detainment of Plaintiff, which was supported by no fact other than that she is Black.

2.    Officer Nicholas S. Riggall ("Defendant Riggall") of the Lakeland Police Department had no probable cause to effectuate the arrest of Plaintiff and used excessive force when he grabbed and contorted her arms, slammed her against the back of a police cruiser, and maced her.

3.      Additionally, upon being transferred to the Polk County Jail, Plaintiff was placed into a holding room for multiple hours, had her shirt removed, and was ultimately held for multiple days.

4.      Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of her clearly established rights as secured by the Fourth Amendment to the United States Constitution.

5.      Plaintiff brings this action pursuant to *Monell v. Dep't of Soc. Svcs. of City of New York,* 436 U.S. 658 (1978).

## II.    <u>JURISDICTION AND VENUE</u>

6.      All preceding paragraphs are incorporated as if fully rewritten herein.

7.      This Court has federal question subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is brought, pursuant to 42 U.S.C. § 1983, to redress a deprivation of constitutional rights as set forth herein.

8.      This Court has personal jurisdiction over Defendants and venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because, upon information and belief, Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

9.      Plaintiff seeks redress from all police officer named herein in both their official and individual capacities.

10.    Plaintiff alleges all police officers named herein were acting under and/or outside color of law and/or pursuant to the policies, customs, and/or usages of the City of Lakeland and/or Polk County.

### III.    PARTIES

**A.    Plaintiff**

11.    All preceding paragraphs are incorporated as if fully rewritten herein.

12.    Plaintiff LaBlanca Sibley is an adult person and resident of the City of Lakeland, County of Polk, and State of Florida.

**B.    Defendants**

13.    All preceding paragraphs are incorporated as if fully rewritten herein.

14.    At the time of Plaintiff's unlawful arrest, Defendant Nicholas S. Riggall ("Defendant Riggall") is/was a police officer employed by Defendant City of Lakeland.

15.    Defendant Riggall resides in Polk County, Florida.

16.    Defendants John Does #1-10 are/were police officers and/or corrections officers employed by Defendant City of Lakeland.

17.    Defendants John Does #11-20 are/were police officers and/or corrections officers employed by Defendant Polk County Sheriff's Office.

18.    Defendant Polk County Sheriff's Office is a law enforcement agency controlled by Polk County located at 1891 Jim Keene Boulevard, Winter Haven, Florida 33880.

19.    Defendant Polk County Sheriff's Office controls and operates the Polk County Jail, located at 7415 De Castro Road, Winter Haven, Florida 33880.

20.    Defendant City of Lakeland ("Defendant City") is a municipal corporation located at City Hall, 228 S. Massachusetts Avenue, Lakeland, Florida, 33801, in Polk County.

21.    Defendant City maintains a division of police at the Lakeland Police Department.

22.    The mission statement for the City's police department is: "In partnership with the community, while affording dignity and respect to all persons, our mission is to maintain order and improve the quality of life of the citizens we serve."

23.    The values of the City's police department states: "We are committed to doing things RITE: with **R**espect, **I**ntegrity, **T**eamwork, and **E**xcellence."

24.    As will be shown below, Defendants violated these values and mission statement by participating in the unreasonable arrest and senseless prosecution of Plaintiff.

## IV.    <u>STATEMENT OF FACTS</u>

25.    All preceding paragraphs are incorporated as if fully rewritten herein.

26.    On or around December 12, 2022, at approximately 12:41am, Defendant Riggall arrives at "T-Bows 33 Lounge" located at 4106 Lakeland Hills Boulevard, Lakeland, Florida ("the Establishment"), in response to a reported physical alteration.

27.     Upon arriving at the Establishment, Defendant Riggall is approached by a reported victim of the physical alteration, who tells him that an "unknown black female" started a physical altercation and then fled the area southbound on Lakeland Hills Boulevard.

28.     At or about the same time, Plaintiff is present in the parking lot of the Establishment waiting for a Lyft driver to pick her up and take her home.

29.     Defendant Riggall approaches Plaintiff in the parking lot of the Establishment and tells her that he is a law enforcement officer.

30.     Plaintiff informs Defendant Riggall that she is unaware of the alleged altercation within the Establishment and is not from the area (Plaintiff, at the time, was living in Arizona) and proceeded to walk past Defendant Riggall.

31.     Defendant Riggall does not inform Plaintiff that she is being detained, is under arrest, or is otherwise required to speak with him.

32.     As Plaintiff walks past Defendant Riggall, Defendant Riggall forcefully grabs Plaintiff's arm.

33.     Surprised and scared for her safety, Plaintiff pulls her arm away from Defendant Riggall.

34.     Defendant Riggall again grabs Plaintiff's arm, forcibly bending and torquing it behind her back and slamming her body against the back of a police cruiser.

35.     Defendant Riggall then places Plaintiff in the back of the police cruiser.

36.     At this point, Plaintiff was offered no explanation as to why she was forcibly detained and placed in the back of a police cruiser.

37.     Plaintiff pleads with the officers to explain why she is being detained, and states that she has done nothing wrong.

38.     While handcuffed in the back of the police cruiser, Defendant Riggall maces Plaintiff in the face without justification.

39.     Plaintiff is then transported to Polk County Jail for booking.

40.     Upon her arrival at the Polk County Jail, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 remove Plaintiff's shirt and place her into a holding room for multiple hours, while the mace remained on her face.

41.     Plaintiff is then placed into a holding cell apart from the general jail population, where she remains for approximately four days.

42.     Plaintiff is charged with Resisting Officer with Violence and Battery on a Law Enforcement Officer.

43.     Both charges against Plaintiff were dropped in their entirety.

### V.     CLAIMS ALLEGED

### COUNT I
### 42 U.S.C. § 1983 - Excessive Force

44.     All preceding paragraphs are incorporated as if fully rewritten herein.

45.     This claim is brought pursuant to Title 42 U.S.C. § 1983.

46.     Title 42 U.S.C. §1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

47.    The Fourth Amendment to the United States Constitution states, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…."

48.    The United States Supreme Court has long held that where officers use force in the arrest or detention of a citizen that is excessive, it violates the Fourth Amendment to the United States Constitution. *See generally*, *Graham v. Connor*, 490 U.S. 386 (1989) (determining that a use of force analysis requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake).

49.    While acting under color of law, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 deprived Plaintiff of her well-established right to be free from excessive force.

50.    In other words, Plaintiff asserts that she had the well-established constitutional right not to be subjected to excessive force while being arrested, even if her arrest could have been otherwise proper.

51.    At all times relevant to this matter, the Defendants were clothed with the authority of the state and misused that authority.

52.     In this case, Plaintiff claims that Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 used excessive force when he/they:

    a.  Arrested and/or seized Plaintiff's person without probable cause to do so;

    b.  Restrained Plaintiff by forcefully grabbing her arm;

    c.  Forcibly bent and torqued Plaintiff's arm behind her back;

    d.  Slammed Plaintiff onto the back of a police cruiser;

    e.  Locked Plaintiff inside the police cruiser;

    f.  Maced Plaintiff in the face;

    g.  Removed Plaintiff's shirt;

    h.  Placed Plaintiff into a holding room for multiple hours while mace remained on her face;

    i.  Placed Plaintiff into a holding cell apart from the general jail population; and

    j.  Effectuated her processing and booking in violation of state law.

53.     As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to physical pain, mental anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, and loss of sense of personal safety and dignity.

## COUNT II
### 42 U.S.C. § 1983 – False Arrest

54.     All preceding paragraphs are incorporated as if fully rewritten herein.

55.     This claim is brought pursuant to Title 42 U.S.C. § 1983.

56.     The United States Supreme Court has also long held: Because arrests are seizures of persons, they must be based upon probable cause in order to be constitutional. *See Payton v. New York*, 445 U.S. 573, 585, (1980).

57.     While acting under color of law, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 deprived Plaintiff of her well-established right to be free from seizure without probable cause.

58.     At all times relevant to this action, Plaintiff asserts that she had the well-established constitutional right to be free from an arrest or seizure not based on probable cause or other legal justification.

59.     At all times relevant to this matter, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 was/were clothed with the authority of the state and misused that authority.

60.     Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 arrested Plaintiff without a warrant.

61.     Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 physically restrained/arrested Plaintiff without permission or consent to do so, to wit:

> a.  Arrested and/or seized Plaintiff's person without probable cause to do so;
>
> b.  Restrained Plaintiff by forcefully grabbing her arm;
>
> c.  Forcibly bent and torqued Plaintiff's arm behind her back;

    d.  Slammed Plaintiff onto the back of a police cruiser;

    e.  Locked Plaintiff inside the police cruiser;

    f.  Maced Plaintiff in the face;

    g.  Removed Plaintiff's shirt;

    h.  Placed Plaintiff into a holding room for multiple hours while mace remained on her face;

    i.  Placed Plaintiff into a holding cell apart from the general jail population; and

    j.  Effectuated her processing and booking in violation of state law.

62. Defendants Riggall and/or John Does #1-10 and/or John Does #11-20 observed no conduct and received no information which established probable cause to justify Plaintiff's pre-trial restraint, detention, or arrest.

63. Accordingly, Defendants Riggall and/or John Does #1-10 and/or John Does #11-20 had no evidence to prove that Plaintiff had committed or was in the act of committing any arrestable offense when he arrested her.

64. Defendants Riggall and/or John Does #1-10 and/or John Does #11-20 did not arrest Plaintiff for her own protection nor for the protection of any other person.

65. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff has been damaged, including but not limited to physical pain, mental anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, and loss of sense of personal safety and dignity.

## COUNT III
### 42 U.S.C. § 1983 – Bodily Integrity

66.    All preceding paragraphs are incorporated as if fully rewritten herein.

67.    This claim is brought pursuant to Title 42 U.S.C. § 1983.

68.    Title 42 U.S.C. §1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.…"

69.    The Eighth Amendment to the United States Constitution states, in relevant part, that "cruel and unusual punishments [shall not be] inflicted."

70.    The United States Supreme Court has long held that, under the Eighth Amendment to the United States Constitution, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34, 130 S. Ct. 1175, 1176, 175 L. Ed. 2d 995 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

71.    Additionally, pretrial detainees are protected from excessive force while in custody by the Fourteenth Amendment. *Brown v. Flowers*, 974 F.3d 1178 (10th Cir. 2020).

72.    At all times relevant to this action, Defendants were clothed with the authority of the state and misused that authority.

73.    While acting under color of state law, Defendants deprived Plaintiff of her well-established constitutional right not to be subjected to excessive force while being arrested and/or while in the custody of the City of Lakeland.

74.    In this case, Plaintiff claims that Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 used excessive force when he/they:

     a.  Arrested and/or seized Plaintiff's person without probable cause to do so;

     b.  Restrained Plaintiff by forcefully grabbing her arm;

     c.  Forcibly bent and torqued Plaintiff's arm behind her back;

     d.  Slammed Plaintiff onto the back of a police cruiser;

     e.  Locked Plaintiff inside the police cruiser;

     f.  Maced Plaintiff in the face;

     g.  Removed Plaintiff's shirt;

     h.  Placed Plaintiff into a holding room for multiple hours while mace remained on her face;

     i.  Placed Plaintiff into a holding cell apart from the general jail population; and

     j.  Effectuated her processing and booking in violation of state law.

75.    As a direct and proximate result of Defendant's actions, as set forth above, Plaintiff has been damaged, including but not limited to physical pain, mental

anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, and loss of sense of personal safety and dignity.

**COUNT IV**
***Monell* Claim – Municipal Liability**

76.     All preceding paragraphs are incorporated as if fully rewritten herein.

77.     This claim is brought pursuant to Title 42 U.S.C. § 1983.

78.     Municipal bodies, like Defendant City of Lakeland, are liable for constitutional violations under 42 U.S.C. § 1983 when execution of their official policies or customs deprives an individual of rights protected by the Constitution. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

79.     Official policies or customs can result from: (a) a formal regulation or policy statement; (b) an informal custom amounting to a widespread practice that, although not authorized by written law or express policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (c) the decisions of employees with final policymaking authority; (d) the ratification of such final policymakers of the decisions, and the basis for them, of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (e) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

80.     A municipality is liable under § 1983 when its agency's policy or custom, as evidenced in any of the manners set forth above, is "closely related" to

13

the ultimate constitutional injury suffered by the plaintiff, and/or causes or occasions the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

81.    Defendant City maintains an armed police force, the Lakeland Police Department, with the power to arrest citizens.

82.    Defendant City is also ultimately responsible for the assignment of personnel for training and disciplinary purposes.

83.    Defendant City is aware that its officers engage in violent behavior that involves excessive force in violation of the Fourth Amendment, which disproportionately involves African Americans, like Plaintiff.

84.    Among Florida police departments, Lakeland has statistically used more force per arrest than 95% of departments statewide.[1]

85.    Additionally, Lakeland Police Department has a larger racial disparity in its use of deadly force than 80% of departments statewide.[2]

86.    In 2022, even though roughly 19.9% of the City's residents are Black, they made up nearly half of those arrested by the Lakeland Police Department.[3]

87.    Additionally, over 54.5% of all protective action incidents carried out by the Lakeland Police Department were carried out against Black citizens.

88.    This pattern and practice with respect to the use of excessive force, and its disproportional use against Black citizens, results in an unwritten policy or custom

---

[1] https://policescorecard.org/fl/police-department/lakeland (last accessed Dec. 10, 2024).
[2] *Id.*
[3] Lakeland Police Department, 2022 OPS Annual-Report (www.lakelandgov.net).

within the Lakeland Police Department of applying disproportionate force in officer interactions with Black citizens.

89.    The aforesaid unwritten policy or custom put Plaintiff at unreasonable risk of grievous bodily harm, injury, or death.

90.    The aforesaid unwritten policy or custom did in fact cause Plaintiff's injuries.

91.    Defendant City is also liable under *Monell* because the department's training, decision-making, and policymaking with respect to using force is so inadequate that it shows the Lakeland Police Department's deliberate indifference to the constitutional rights of citizens.

92.    Under *City of Canton v. Harris*, liability may attach to a municipality if "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

93.    The above-mentioned circumstances show "the need for more or different training," as the Supreme Court put it in *City of Canton v. Harris*.

94.    The City's toleration of and failure to discipline officers who engage in excessive force is evidence that Plaintiffs' injuries are traceable to the City's custom of permitting excessive force, and it is evidence that the City has acted with deliberate indifference in failing to supervise its officers. See, e.g., *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (stating that "an act

performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law").

95.   The City's failure to adequately train its officers, including Defendants Riggall and/or John Does #1-10, concerning the appropriate use of force and to discipline them for their prior instances of excessive force directly and proximately caused the violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights.

96.   As a direct and proximate result of the City's policies and unwritten customs as set forth above, Plaintiff has been damaged, including but not limited to physical pain, mental anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, and loss of sense of personal safety and dignity.

## VI.   JURY DEMAND

97.   Plaintiff respectfully demands a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A.   That Plaintiff recovers for her pain and suffering, past and future medical expenses, loss of earning capacity, and all other claims;

B.   That Plaintiff recovers for all compensatory and consequential damages available under Florida and/or federal law in an amount to be

determined by a jury in excess of this Court's jurisdictional amount, including past and future medical care and other economic and non-economic harm to be determined at trial;

C.    That Plantiff receives all equitable relief, including, without limitation, that Defendant City of Lakeland be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

D.    That Plantiff receives all attorneys's fees per Florida law and/or federal law, i.e. Title 42 U.S.C. § 1988, as well as the costs or interst accrued as a result of this action and any other costs that may be associated with this action; and

E.    That Plantiff receives any and all other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

*/s/ Justin S. Abbarno*
Justin S. Abbarno
State Bar No. 1027968
Joseph T. Frate*
**DiCELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
Tel.:   (440) 953-8888
Fax:   (440) 953-9138
jabbarno@dicellolevitt.com
jfrate@dicellolevitt.com

*Pro hac vice anticipated*
***Counsel for Plaintiff***