UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LABLANCA SIBLEY,

    Plaintiff,

v.                                Case No. 8:24-cv-2853-VMC-AEP

CITY OF LAKELAND,
NICHOLAS S. RIGGALL,
POLK COUNTY SHERIFF'S OFFICE,
JOHN DOES #1-10, and
JOHN DOES #11-20,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants City of Lakeland, Polk County Sheriff's Office, John Does #1-20, and Nicholas S. Riggall's Motion to Dismiss Amended Complaint (Doc. # 35), filed on March 12, 2025. Plaintiff LaBlanca Sibley responded on April 2, 2025. (Doc. # 41). The Motion is granted as set forth below.

**I.  Background**

Plaintiff initiated this 42 U.S.C. § 1983 action on December 10, 2024, asserting claims arising from her arrest and detention. (Doc. # 1). Defendants moved to dismiss the complaint as a shotgun complaint and on the merits. (Doc. # 19). The Court granted the motion because the complaint was

1

a shotgun complaint but granted leave to amend. (Doc. # 21). Although the Court did not address the merits arguments, the Court "advise[d] Plaintiff to closely review all issues raised in the motion to dismiss, including the inclusion of John Doe defendants and the naming of the Polk County Sheriff's Office as a defendant, before amending the complaint." (Id.). The Court also advised that "Plaintiff should be sure to specify in the amended complaint against which Defendant or Defendants each count is brought." (Id.).

On February 26, 2025, Plaintiff filed her amended complaint, asserting four Section 1983 claims for excessive force (Count I), false arrest (Count II), bodily integrity (Count III), and for municipal liability (Count IV). (Doc. # 23). The amended complaint continues to name the Polk County Sheriff's Office and multiple John Does as Defendants. (Id.). No count clearly specifies against which Defendants it is brought and it does not appear that any count is actually asserted against the Polk County Sheriff's Office. (Id.).

The amended complaint contains the following factual allegations. Plaintiff is an African-American woman living in the City of Lakeland, in Polk County, Florida. (Id. at 3). "On or around December 12, 2022, at approximately 12:41am, Defendant Riggall" — a police officer employed by the City of

2

Lakeland — "arrives at 'T-Bows 33 Lounge' located at 4106 Lakeland Hills Boulevard, Lakeland, Florida ('the Establishment'), in response to a reported physical alteration." (Id. at 3-4).

"Upon arriving at the Establishment, Defendant Riggall is approached by a reported victim of the physical alteration, who tells him that an 'unknown black female' started a physical altercation and then fled the area southbound on Lakeland Hills Boulevard." (Id. at 5). "At or about the same time, Plaintiff is present in the parking lot of the Establishment waiting for a Lyft driver to pick her up and take her home." (Id.). "Defendant Riggall approaches Plaintiff in the parking lot of the Establishment and tells her that he is a law enforcement officer." (Id.). "Plaintiff informs Defendant Riggall that she is unaware of the alleged altercation within the Establishment and is not from the area (Plaintiff, at the time, was living in Arizona) and proceeded to walk past Defendant Riggall." (Id.).

"Defendant Riggall does not inform Plaintiff that she is being detained, is under arrest, or is otherwise required to speak with him." (Id.). "As Plaintiff walks past Defendant Riggall, Defendant Riggall forcefully grabs Plaintiff's arm." (Id.). "Surprised and scared for her safety, Plaintiff pulls

3

her arm away from Defendant Riggall." (Id.). "Defendant Riggall again grabs Plaintiff's arm, forcibly bending and torquing it behind her back and slamming her body against the back of a police cruiser." (Id.).

"Defendant Riggall then places Plaintiff in the back of the police cruiser." (Id.). "At this point, Plaintiff was offered no explanation as to why she was forcibly detained and placed in the back of a police cruiser." (Id. at 6). "Plaintiff pleads with the officers to explain why she is being detained, and states that she has done nothing wrong." (Id.). "While handcuffed in the back of the police cruiser, Defendant Riggall maces Plaintiff in the face without justification." (Id.).

"Plaintiff is then transported to Polk County Jail for booking. Upon her arrival at the Polk County Jail, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 remove Plaintiff's shirt and place her into a holding room for multiple hours, while the mace remained on her face." (Id.). "Plaintiff is then placed into a holding cell apart from the general jail population, where she remains for approximately four days." (Id.). "Plaintiff is charged with Resisting Officer with Violence and Battery on a Law Enforcement

4

Officer." (Id.). "Both charges against Plaintiff were dropped in their entirety." (Id.).

Now, Defendants again move to dismiss, arguing the amended complaint is a shotgun complaint as well as raising merits arguments. (Doc. # 35). Plaintiff has responded (Doc. # 41), and the Motion is ripe for review.

## II. Discussion

Defendants first argue that the amended complaint is a shotgun complaint that should be dismissed with prejudice because Plaintiff has already been given one opportunity to amend. (Doc. # 35 at 3-6). The Court agrees the amended complaint is a shotgun complaint and must be dismissed. However, the Court will give Plaintiff one final chance to amend.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously

5

connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1322-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The amended complaint falls into the fourth category of shotgun complaint. The Court previously warned Plaintiff to "be sure to specify in the amended complaint against which Defendant or Defendants each count is brought." (Doc. # 21). Yet, Plaintiff did not take this advice. None of the four counts explicitly states against which Defendant or Defendants it is brought. And the first three counts are all asserted against Defendant Riggall and at least ten John Does. Multiple allegations in the amended complaint impermissibly lump Defendant Riggall and various John Does with the same conduct. For example, Plaintiff alleges "Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 remove[d]

6

Plaintiff's shirt and place[d] her into a holding room for multiple hours, while the mace remained on her face." (Doc. # 23 at 6). Another example: "While acting under color of law, Defendant Riggall and/or John Does #1-10 and/or John Does #11-20 deprived Plaintiff of her well-established right to be free from excessive force." (Id. at 7).

Plaintiff's lumping of numerous John Doe Defendants in each count along with Defendant Riggall deprives Defendant Riggall of notice of what actions he has supposedly taken. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a complaint was a shotgun complaint because it "name[d] fourteen defendants, and all defendants are charged in each count" and was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"). Thus, the Court would have to speculate about what actions Defendant Riggall allegedly took in order to address Defendant Riggall's assertion of qualified immunity. See Milfort v. Rambosk, No. 2:21-cv-366-SPC-MRM, 2022 WL 138097, at *3 (M.D. Fla. Jan. 14, 2022) ("Yet the Court cannot decide [the qualified immunity issue] given the Third Amended Complaint's

7

shotgun nature. Without pure speculation about who did what, the Court cannot determine the conduct each officer allegedly engaged in to violate Plaintiffs' rights."). This the Court will not do.

There are other issues with the amended complaint that relate to the shotgun complaint analysis. In its order dismissing the original complaint, the Court "advise[d] Plaintiff to closely review all issues raised in the motion to dismiss, including the inclusion of John Doe defendants and the naming of the Polk County Sheriff's Office as a defendant, before amending the complaint." (Doc. # 21). The amended complaint fails to correct these issues.

It was impermissible for Plaintiff to name John Does as defendants at all. "[F]ictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (citation omitted). That limited exception does not apply here, as Plaintiff names twenty John Does and gives no specific details about any of them. (Doc. # 23 at 3-6). Thus, all claims are dismissed to the extent they are asserted against the John Doe Defendants. See Vielma v. Gruler, 808 F.

8

App'x 872, 880 (11th Cir. 2020) ("[T]he district court correctly concluded that Plaintiffs failed to describe the John Doe defendants with enough specificity to enable service of process. . . . For some of the John Does, Plaintiffs' provided no descriptions at all. The remaining descriptions ranged in specificity from the highly generic (e.g., 'a male detective,' 'one of the officers at the hospital,' or 'an FBI Agent') to the ever-so-slightly less generic (e.g., '[a] female white officer about 5 feet 10-11 inches in height' or 'a middle-aged white male [officer]')." (citation omitted)).

Additionally, as Defendants have pointed out, "[t]he Polk County Sheriff's Office is not a legal entity subject to suit." (Doc. # 35 at 5); see Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law.").

Even if the Sheriff's Office were a proper defendant, no count of the amended complaint appears to be asserted against the Polk County Sheriff's Office. Thus, this Defendant does not have adequate notice of what claims are asserted against

9

it. See Weiland, 792 F.3d at 1323 (explaining that a shotgun complaint does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"). Even if the Court were to assume that the Monell claim was intended to be asserted against both the Sheriff's Office and the City of Lakeland, it is unclear what policy of the Sheriff's Office supposedly exposes it to liability. Indeed, Count IV fails to mention the Sheriff's Office at all. (Doc. # 23 at 13-16).

For all these reasons, the amended complaint is dismissed without prejudice as a shotgun complaint. The Court will not address Defendants' merits arguments at this time. See Bennett v. Nationstar Mortg., LLC, No. CV 15-00165-KD-C, 2015 WL 5294321, at *13 (S.D. Ala. Sept. 8, 2015) ("The Defendants advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded for the reasons expressed below."). The Court will allow Plaintiff to file a final complaint — a second amended complaint — by April 22, 2025. Because this is the final opportunity to amend this Court will give Plaintiff, Plaintiff must closely review all arguments from Defendants' previous motions to dismiss before amending.

10

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants City of Lakeland, Polk County Sheriff's Office, John Does #1-20, and Nicholas S. Riggall's Motion to Dismiss Amended Complaint (Doc. # 35) is **GRANTED**.

(2) The amended complaint is dismissed as a shotgun complaint.

(3) If she wishes to pursue this action, Plaintiff must file her second amended complaint by **April 22, 2025.** The second amended complaint should correct the issues addressed in this order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of April, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE