UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LABLANCA SIBLEY,

      Plaintiff,

v.                                Case No. 8:24-cv-2853-VMC-AEP

CITY OF LAKELAND,
and NICHOLAS S. RIGGALL,

      Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Nicholas S. Riggall's Motion for Reconsideration of the Order Denying Defendant's Motion for Summary Judgment (Doc. # 75), filed on December 15, 2025. Plaintiff LaBlanca Sibley responded on March 16, 2026. (Doc. # 81). The Motion is denied.

I.    **Legal Standard**

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the

1

judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the entry of the Order denying summary judgment, so Rule 59 applies. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Analysis

On February 17, 2026, the Court denied Officer Riggall's motion for summary judgment, finding that a factual dispute existed as to whether Ms. Sibley behaved violently while handcuffed and locked in Officer Riggall's patrol car. (Doc. # 74). A reasonable jury could conclude that Ms. Sibley was

2

not behaving violently when she lightly "kicked" or "tapped" the patrol car's door and window while yelling. Thus, the Court concluded that the excessive force claim must proceed to trial. The Court held that Officer Riggall was not entitled to qualified immunity at the summary judgment stage because it was clearly established that it is excessive force to pepper spray a handcuffed arrestee secured in a patrol car who is not violent or a danger to herself, others, or government property. (Id. at 21).

Officer Rigall now seeks reconsideration of that Order, arguing that, even accepting that Ms. Sibley was safely secured and was not behaving violently or presenting a danger, it was not excessive for him to pepper spray her for failing to follow his command to stop "tapping" the patrol car's door and window with her feet. (Doc. # 75). According to Officer Riggall, "the Court did not consider that force could be used regardless of the level of violence being exhibited, as in the case of passive resistance where an arrestee simply disobeys an order." (Id. at 3). "Refusing a police request, such as we have here where Officer Rigall ordered [Ms. Sibley] to quit kicking the window, is therefore a sound basis for the use of pepper spray." (Id.). He further insists that it was not clearly established that an officer may not pepper

3

spray a handcuffed non-violent arrestee secured in a patrol car for failing to follow a lawful command. (Id.).

Officer Rigall is incorrect. As an initial matter, the Motion for Reconsideration raises an argument Officer Riggall did not make in his motion for summary judgment. In his motion for summary judgment, Officer Riggall relied on his interpretation of the video of the incident, insisting the video unequivocally established that Ms. Sibley was violently kicking in the back of the patrol car, "was not 'safely detained,'" and was "out of control." (Doc. # 63 at 2, 8). He wrote: "In a reasonable officer's view, [Ms. Sibley] was acting violently in the back seat of the patrol car and failed to obey a lawful directive to stop." (Id. at 7). While he highlighted that Ms. Sibley ignored his command to stop kicking in the patrol car (Id. at 2, 7-8, 10), he did not argue that her noncompliance with his command alone justified his use of pepper spray even if Ms. Sibley was non-violent, secured, and not a threat. Rather, Officer Riggall insisted that this case's facts, as established by the video, are similar to those in Nigro v. Carrasquillo, 663 F. App'x 894 (11th Cir. 2016), in which the court held it was not excessive to pepper spray a handcuffed arrestee secured in a patrol car because the arrestee was violently kicking the patrol car's

4

window. Citing Nigro and Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002), Officer Riggall maintained he was "entitled to summary judgment because he did not violate [Ms. Sibley's] Fourth Amendment rights when he used one short burst of pepper spray in his attempt to keep [Ms. Sibley] from damaging the car, resisting arrest, and injuring herself or others." (Id. at 13).

Likewise, in his reply, Officer Riggall continued to argue that summary judgment was appropriate because Ms. Sibley was violently kicking in the patrol car, she had failed to distinguish this case from Nigro, that Nigro and Vinyard "do not define 'violently' in a way that would exclude [Ms. Sibley's] behavior," that Ms. Sibley "is incorrect to contend that pepper spray is unconstitutional unless the violent behavior resulted in damage to the patrol car," and that Officer Riggall believed Ms. Sibley "not only presented a flight risk but the potential for self-harm" and "destruction of police property." (Doc. # 73 at 2-6). As to qualified immunity, Officer Riggall maintained that Ms. Sibley "need[ed] a case that affirmatively states that the use of pepper spray is unreasonable where an arrestee is kicking the car but has not yet damaged the car." (Id. at 6). In short, Officer Riggall's summary judgment briefing did not argue

5

that his actions were constitutional or covered by qualified immunity even if Ms. Sibley was non-violent, fully secured, and posed no danger to herself, others, or government property.

He now argues, however, that "even if one accepts [Ms. Sibley's] version of the facts as true, i.e. that she was merely 'tapping' the door, Officer Riggall was not on clear notice that he violated her constitutional rights by using one burst of pepper spray when she disobeyed his order to stop" because "caselaw clearly permits the use of force on nonviolent arrestees who are passively resisting by disobeying commands." (Id. at 8). In support of his amended argument, Officer Riggall cites multiple cases that he failed to cite in his motion for summary judgment, despite these cases being available at that time.

This is inappropriate. Again, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc., 408 F.3d at 763. "This prohibition includes new arguments that were 'previously available, but not pressed.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). Additionally, a "motion for reconsideration should

not be used as a vehicle to present authorities available at the time of the first decision." Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). That is, Officer Riggall "cannot rely on cases that do not represent an intervening change in controlling law and that could have been cited in" his motion for summary judgment. Atl. Specialty Ins. Co. v. Mr. Charlie Adventures, LLC, No. CIV.A. 13-458-CG-N, 2015 WL 2095650, at *4 (S.D. Ala. May 5, 2015). The Motion is due to be denied on this basis alone.

Furthermore, even considering Officer Riggall's new argument and authority, he is wrong on the merits. Officer Riggall's theory is that an officer may pepper spray a non-violent, handcuffed arrestee secured in a patrol car for violating a command to stop an annoying but non-violent and non-threatening action. The three cases Officer Riggall cites in which the use of force was found reasonable do not support this position. These cases are easily distinguished from the facts here.

The first newly cited case is Ransom v. Sherman, 697 F. App'x 638 (11th Cir. 2017). There, citing Vinyard, the Eleventh Circuit held that it was not excessive to pepper spray an arrestee who was refusing a command to enter a patrol car and had only "partially enter[ed] the patrol car." Ransom,

7

697 F. App'x at 639. Crucially, the court explained that the "video of the incident shows that [the arrestee] had not fully moved into the patrol car, making [the officer's] actions reasonable." Id. Thus, the Eleventh Circuit suggested that, had the arrestee been secured in the patrol car, it would have been excessive to pepper spray her.

Likewise, in Danley v. Allen, 540 F.3d 1298, 1307 (11th Cir. 2008), the Eleventh Circuit opined that a prison guard's "initial use of pepper spray following [a prisoner's] second failure to obey [the guard's] order to return to the cell" was not unconstitutional. Id. There, like in Ransom, the individual needed to be moved to a secure location, but refused commands to go.

Next is Buckley v. Haddock, 292 F. App'x 791 (11th Cir. 2008), a case involving a taser rather than pepper spray. There, the handcuffed arrestee dropped to the ground on the side of a highway while being walked to the patrol car. Id. at 792. The arrestee ignored the officer's commands to stand up and went limp when the officer attempted to pull him to his feet. Id. The officer warned the arrestee he would be tased if he did not stand up, but the arrestee remained on the ground. The officer then tased him. Id. In holding that the force was not excessive, the court emphasized three facts:

8

"the incident occurred at night on the side of a highway with considerable passing traffic," "the deputy could not complete the arrest — that is, truly control [the arrestee] — because [the arrestee] was resisting," and "the deputy resorted to using the taser only after trying to persuade [the arrestee] to cease resisting, after attempting to lift [the arrestee], and after repeatedly and plainly warning [the arrestee] that a taser would be used and then giving [the arrestee] some time to comply." Id. at 794. The court noted that, "[n]ever was [the arrestee] fully secured" when the officer tased him such that an "objectively reasonable police officer could rightly believe that force was therefore necessary to secure the non-compliant [arrestee] in the patrol car and thereby complete the arrest." Id. at 795.

These cases are consistent with the statement in Vinyard that "using pepper spray is reasonable . . . where the plaintiff was either resisting arrest or refusing police requests, *such as requests to enter a patrol car or go to the hospital*." Vinyard, 311 F.3d at 1348 (emphasis added). In the newly cited cases, the arrestee or prisoner needed to be physically moved to a new, secure location (a patrol car or a prison cell) but resisted entering that location. The refusal to move to a secure location necessitated some use of

9

force by the officers, with pepper spray or a taser being a reasonable use of force to achieve that goal.

Not so here. Unlike in the cases newly cited by Officer Riggall, Ms. Sibley was both handcuffed and locked in the back of the patrol car when she was pepper sprayed. There was no need to move her anywhere for security reasons at that time — she was already secured and her arrest was complete. She was not pepper sprayed for refusing to move into the patrol car as commanded. Rather, under her version of events, Ms. Sibley was pepper sprayed for refusing a command to cease an annoying, but non-violent and non-threatening activity (tapping her feet on the door) while locked in the patrol car. This is a different situation than in the cases Officer Riggall cites.

The Court stands by its ruling that Officer Riggall is not entitled to qualified immunity. _Vinyard_ clearly established that Officer Riggall's use of force under Ms. Sibley's version of events was excessive even though Ms. Sibley disobeyed Officer Riggall's order to stop lightly tapping the patrol car's door. Like the arrestee in _Vinyard_, Ms. Sibley was handcuffed and secured in the back of a closed patrol car. At the time Officer Riggall pepper sprayed her,

10

Ms. Sibley, like Ms. Vinyard, was merely a loud "nuisance," rather than a violent threat:

> Vinyard was not posing a threat to the safety of Officer Stanfield or others, much less an immediate threat. Although she was screaming and using foul language in the patrol car, Vinyard contends that Stanfield also was verbally insulting her, which we must take as true. Thus, Vinyard's conduct, as she describes it, was a nuisance but not a threat to Stanfield, herself or others. . . . Moreover, at the time of the force during the jail ride, Vinyard was under arrest and secured with handcuffs and in the back seat of the patrol car.

Id. at 1347-48. In holding that the use of force was excessive, the Vinyard court highlighted that courts "have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else." Id. at 1348.

No objectively reasonable officer would believe that he may pepper spray a handcuffed, non-violent arrestee closed in the back of a patrol car for rude behavior in violation of the officer's verbal command. See Id. at 1355 ("[N]o objectively reasonable police officer could believe that, after Vinyard was under arrest, handcuffed behind her back, secured in the back seat of a patrol car with a protective screen between the officer and the arrestee, an officer could

11

stop the car, grab such arrestee by her hair and arm, bruise her and apply pepper spray to try to stop the intoxicated arrestee from screaming and returning the officer's exchange of obscenities and insults during a short four-mile jail ride.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nicholas S. Riggall's Motion for Reconsideration of the Order Denying Defendant's Motion for Summary Judgment (Doc. # 75) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12